SUPERINTENDENTS OF POOR OF WAYNE COUNTY v. BOARD OF COUNTY AUDITORS OF WAYNE COUNTY.

1. COUNTIES—BUILDINGS — TAXES — RIGHT TO IMPOSE—CONSTITU-
TIONAL LIMIT—POWER OF SUPERVISORS.
   A hospital voluntarily erected by a county for the care of its insane is a county building, though the State reimburses the county for their care as at all other State asylums, and section 9 of article 10 of the Constitution prohibits the expenditure of more than $1,000 in any one year for the purpose of erecting such a building unless authorized by a vote of the electors.

2. COSTS—PUBLIC QUESTIONS.
   Costs are not awarded in cases between public officers determining questions of public interest.

Certiorari to Wayne; Hosmer, J. Submitted January 22, 1907. (Calendar No. 22,074.) Decided March 5, 1907.

Mandamus by the superintendents of the poor of Wayne county to compel the board of county auditors of Wayne county to audit and allow an account for the erection of a public building. There was an order denying the writ, and relators bring certiorari. Affirmed.

*Fred A. Baker,* for relators.

*Ormond F. Hunt,* for respondents.

MONTGOMERY, J. This is certiorari to George S. Hosmer, Wayne circuit judge, for the purpose of reviewing and reversing an order made by him denying a mandamus. The facts stated in the petition for the mandamus of the Wayne circuit court are, in brief, that petitioners claim that an additional building is necessary to be erected upon Wayne county poor farm for the purpose of taking care of insane patients; that, among the items passed upon by the Wayne county board of supervisors at its last annual session, is the following: "New building, $75,000." It further appears from the petition that on or about the 14th day of December, 1906, the superintendents of the poor applied to the county auditors to learn whether they would pass upon and allow bills for the employment of an architect to make plans and specifications for a $75,000 building to be erected at the Wayne county poor farm; that they were informed by the auditors that they would not do so until the legal questions involved had been settled; and that thereafter the superintendents of the poor applied to the Wayne circuit judge by petition for a mandamus.

The answer of the auditors asserts that, under the Constitution of this State, the board of supervisors cannot borrow or raise by tax more than $1,000 for the purpose of constructing or repairing public buildings in any one year, unless authorized by a majority of the electors voting thereon. There is no claim upon the part of relators that the electors of Wayne county have ever voted a tax for the purpose of constructing this proposed $75,000 building.

The proceeding is unusual, in that the application for mandamus precedes the formal presentation to the board of auditors of an account calling for action. Both petitioners and respondents apparently desire that the legal question raised shall be determined, and we proceed to consider it. It must not be understood, however, that we imply by our action that the writ of mandamus would be justified, even if the respondents were mistaken in their view of the law.

The meritorious question is whether a sum in excess of $1,000 can be raised by tax in any one year for the purpose of constructing an insane asylum in the county of Wayne without a vote of the electors. Section 9, art. 10, of the Constitution, reads:

"The board of supervisors of any county may borrow or raise by tax one thousand dollars for constructing or repairing public buildings, highways or bridges; but no greater sum shall be borrowed or raised by tax for such purpose in any one year, unless authorized by a majority of the electors of such county voting thereon."

The relators contend that under the present statutes the insane asylum in Wayne county is really a State institution, and that for this reason the constitutional provision does not apply. The contention, stated in the language of counsel, is as follows:

" It is true the legislature has never passed an act *expressly* requiring or authorizing the county of Wayne to erect buildings for the care of the insane of that county, but it has passed acts making the Wayne county insane asylum a State institution, and placing the burden of the maintenance of the insane there a charge on the State precisely the same as at all other State insane asylums, with this qualification that Wayne county is expected to provide the necessary buildings, a burden which the county has voluntarily assumed for many years, and which it desires to bear now and in the future. In pursuance of the desires and obligations of the county, its board of supervisors made this appropriation. It is not a case where the State is forcing the county to levy a tax. The question therefore resolves itself into a question of the power of the county; the State legislature having impliedly, if not expressly, given its approval."

We are agreed that this provision of the Constitution does apply. It is only in a most restricted sense that the Wayne county asylum is a State institution. It is true the State reimburses Wayne county for the care of inmates, but the property in the building is in the county. The State has not imposed the burden upon the county of building this additional building. The undertaking is

purely voluntary on the part of the county. The provision quoted prohibits the board from raising more than $1,000 in any one year for any public building upon its own initiative, and without a vote of the electors. This is none the less a county building, and still more clearly it is none the less a public building, because the State indirectly makes use of it when constructed.

The circuit judge correctly held that relator was not entitled to the writ. His judgment is affirmed. As the question involved is of public interest, no costs are awarded.

CARPENTER, BLAIR, OSTRANDER, and MOORE, JJ., concurred.